# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, ) ) Plaintiff, ) ) vs. ) ) WARREN MECHANICAL, LLC, *d/b/a* ) WARREN MECHANICAL, ) ) Defendant. ) ) | No. 2:16-cv-0669-DCN **ORDER** |

The following matter is before the court on defendant Warren Mechanical's ("Warren") motion for costs and attorney's fees, ECF No. 63. For the reasons set forth below, the court denies the motion for attorney's fees but awards costs under Rule 54(d).

## I. BACKGROUND

This case arises out of an insurance coverage dispute between Owners Insurance Company ("Owners") and its insured, Warren, regarding certain alleged misrepresentations in Warren's January 21, 2015 application for workers' compensation insurance. ECF No. 28-3, Application. Warren is a medium-sized construction company that specializes in the propane and natural gas industry. ECF No. 28-1, Steve Warren Dep. 12:11–14. Warren was founded in 2006 by Steve Warren ("Steve"), who is its sole owner. In 2014, one of Warren's major customers required it to obtain an "anti-subrogation endorsement" in its workers' compensation policy. ECF No. 37, Def.'s Mot. 3. Warren contacted its insurance agent, the Creech Roddy & Watson Insurance Agency ("CRW"), who informed Warren that it would

1

need to switch insurers to obtain the required coverage. Id. Warren's primary contact at CRW, Robert Nalley ("Nalley"), suggested Owners as a replacement insurer. Id.

Warren maintains that Steve and Nalley met a few days before CRW submitted Warren's application for the new policy, but Nalley forgot to bring the application to the meeting. Steve Warren Dep. 22:10–24:3. Rather than retrieve the application, Nalley asked Steve a number of questions and told Steve he would fill out the application later. Id. Nalley could not provide Steve with a quote for the policy without first completing the application, so the pair arranged for Steve's wife, Raynee Warren ("Raynee"), to deliver a premium check to CRW's office at a later date. Id. at 35:14–35:1.

Nalley did not personally prepare the application. In fact, Nalley was not even present at the time the application was completed. Instead, Aura Lewis ("Lewis"), a newly hired CRW employee, completed the application based on information provided to her through communications with Nalley. ECF No. 37-5, Lewis Dep. 9:6–10:23, 34:11–20. A more senior employee of CRW, Rebecca Hipp ("Hipp"), was also present when Lewis completed the application. Id. at 36:4–7. It was Hipp who ultimately signed the application on CRW's behalf. ECF No. 28-3, Application at 4.

When Raynee arrived at CRW's office to drop off Warren's premium check, the CRW receptionist instructed her to sign the application. ECF No. 37-6, Raynee Warren Dep. 11:6–20. Raynee asked CRW whether it was appropriate for her to sign the application, and was told that it was, at which point she signed the application. Id. at 12:20–25. Rayne now claims that she did not have the authority to sign the

2

application, and only did so because she was "in haste" and "didn't think about it."
Id. at 13:1–6. Indeed, Raynee testifies that she did not even read the application, and
that CRW pressured her to sign it by telling her that Warren would not be allowed on
a job site unless the application was signed immediately. Id. at 13:20–14:21.

The application represented that:

(1) [Warren's] business operations consisted of "PLUMBING";

(2) [Warren] had only two full-time employees - one "Plumbing NOC & Drivers" employee under National Council on Compensation Insurance ("NCCI") classification code 5183 and one "Clerical Office Employees NOC" employee under NCCI classification code 8810;

(3) [N]one of [Warren's] work was performed above 15 feet; and

(4) [Warren's] business did not give rise to "[a]ny exposure to radioactive materials, flammables, explosives, caustics, fumes, landfills, asbestos, wastes, fuel tanks, etc."

Application at 2–3. Steve has unambiguously stated that the last three of these
representations were inaccurate. Steve Warren Dep. 29:2–21, 31:3–21. As noted
above, Steve has described Warren as a construction company that specializes in the
propane and natural gas industry. Id. at 12:11–14. While this work certainly involves
pipes, Warren has admitted—through its failure to respond to Owners's requests for
admission—that neither Warren nor Steve are "licensed plumber[s]" pursuant to S.C.
Code § 40-11-410. ECF No. 28-17.

Owners issued a policy providing the requested coverage for the period of
January 22, 2015 to January 22, 2016 (the "Policy"). About a month after the Policy
was issued, Warren hired Scott Gerhard ("Gerhard"). Gerhard was injured on
December 7, 2015, when nitrogen was released from a propane tank he was working
on nearly 20 feet above the ground, causing him to fall and suffer second degree

burns.  ECF No. 28, Pl.'s Mot. 4–5; Def.'s Mot. 6.  Gerhard made a claim to Owners for workers' compensation benefits, which Owners denied on the ground that there was no valid policy in place.  ECF No. 37-10.  Gerhard then filed a hearing request with the South Carolina Workers' Compensation Commission ("SCWCC").  Despite denying coverage, Owners initially hired an attorney to represent Owners and Warren in connection with this claim.  ECF No. 37-11.  On April 7, 2016, another attorney appeared in Gerhard's SCWCC case solely on Owners's behalf, and asked the court to find that the Policy did not cover Gerhard's claim.  Def.'s Mot. 6.  Owners later filed a motion in the SCWCC proceedings to have the Policy declared void <u>ab initio</u>. <u>Id.</u>  This motion was denied, pending discovery, and will be taken up again if the SCWCC action is not resolved at mediation.  ECF No. 44, Dworjanyn Letter (explaining results of March 30, 2017 hearing before the SCWCC).

On March 2, 2016, Owners filed the instant action seeking to have the Policy declared void <u>ab initio</u>.  Compl. ¶¶ 20–23.  On April 11, 2016, recognizing the jurisdictional problems presented by its request, Owners amended its complaint to state that "[n]o employees' rights are involved in this action, as this is solely a dispute between Owners and the insured, Warren Mechanical.  The issues in this case are not proper before the [SCWCC]."  Second Am. Compl. ¶ 14.  Owners has further clarified that "this litigation was initiated to provide for the determination as to Owners's duties and obligations under the policy as to any other potential claims that may arise under the policy at issue," and as such, the court need not "address issues relating to any [of Gerhard's] claims."  ECF No. 39, Pl.'s Resp. at 2.

Owners filed a motion for summary judgment on December 20, 2016. ECF No. 28. On January 9, 2017, Warren filed a motion to dismiss, or in the alternative, for summary judgment in lieu of a response to Owners's motion for summary judgment. ECF No. 37. On September 29, 2017, the court entered an order denying the motions for summary judgment, ECF No. 45. On October 27, 2017, Warren filed a motion to reconsider, ECF No. 46, which the court granted on January 11, 2018, dismissing the case for lack of subject matter jurisdiction due to the pending state-court matter dealing with the same issues, ECF No. 60.

On January 26, 2017, Warren filed a motion for costs and attorney's fees. ECF No. 63. Owners responded on February 9, 2018, ECF No. 66, and Warren replied on February 16, 2018, ECF No. 67. The motion has been fully briefed and is ripe for the court's review.

## II. STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule also states that, unlike costs, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion . . . ." Fed. R. Civ. P. 54(d)(2)(A).

## III. DISCUSSION

Warren brought this motion to obtain costs and attorney's fees that it incurred in defending the declaratory judgment action that Owners brought before this court. Federal Rule of Civil Procedure 54(d)(1) provides for prevailing parties to automatically receive costs, other than attorney's fees, unless otherwise provided for

by federal statute, the Federal Rules of Civil Procedure, or a court order. Under Rule 54(d)(2), by contrast, a prevailing party must submit a motion requesting attorney's fees. Under the American Rule, each party bears the costs of its own attorneys, and attorney's fees are generally not a recoverable cost of litigation unless a statute or agreement provides otherwise. Key Tronic Corp. v. United States, 511 U.S. 809, 814–15 (1994); see Baron Data Sys., Inc. v. Loter, 377 S.E.2d 296, 297 (S.C.1989) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute.").

There is no applicable state or federal statute that would provide for attorney's fees, nor do Warren and Owners have a contractual agreement regarding attorney's fees. Rather, Warren relies on South Carolina common law which provides attorney's fees for insured parties who prevail in a declaratory judgment action brought against them by an insurance company seeking to avoid its responsibility to defend the insured in an underlying suit. When an insurance company brings such a declaratory judgment action, South Carolina courts treat it as though the insurance company has breached its contract with the insured party to defend the claims brought by third parties against the insured. Thus, the court must determine (1) whether South Carolina law provides for attorney's fees under the particular facts of this case, and (2) whether Warren is a "prevailing party" under the Rule 54(d).

**A. Does South Carolina law provide for attorney's fees here?**

Warren argues that it is entitled to attorney's fees under Rule 54(d) because, "[i]t is well settled in South Carolina that when a defendant insured prevails in a declaratory judgment action, the insured is entitled to recover attorney's fees." Pl.'s

Mot., 2 (quoting State Auto Prop. & Cas. Co. v. Raynolds, 592 S.E.2d 633, 637 (S.C. 2004). The court in State Auto based its reasoning on Hegler v. Gulf Ins. Co., 243 S.E.2d 443 (S.C. 1978), which arose out of a declaratory judgment action brought by an insurance company against its insured to determine whether the insurer had to provide coverage for an underlying claim. The court found that coverage did exist under the policy. Hegler, 243 S.E.2d at 443. After this determination, the insured party instituted a new action to demand attorney's fees that it incurred in successfully defending the declaratory judgment action. Id. The South Carolina Supreme Court first noted that since "no right to recover is here asserted under any statute[, ] [the insured] then must recover, if at all, upon some contractual right." Id. at 444. The Court found that the insurer had contracted with the insured to provide coverage for certain events and that the insurer's attempt to avoid both its liability under the policy and its duty to defend the insured constituted a breach of the insurance company's contract with the insured. Id. "The legal fees incurred by [the insured], in successfully asserting his rights against [the insurer's] attempt in the declaratory judgment action to avoid its obligation to defend, were damages arising directly as a result of the breach of the contract." Id.

  Federal courts in South Carolina have applied this principle to similar actions brought under the federal Declaratory Judgment Act.[1] See, e.g., Security Ins. Co. of Hartford v. Campbell Schneider & Assoc., LLC, 481 F.Supp.2d 496, 501 (D.S.C. 2007) ("[E]ven though the action was brought pursuant to the federal Declaratory

---

[1] Owners brought this action pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

7

Judgment Act, the law of South Carolina applies. Because Hegler is the Supreme Court of South Carolina's interpretation of South Carolina law, this court is therefore bound to apply its holding."). One such case, NGM Ins. Co. v. Carolina's Power Wash & Painting, LLC, 2010 WL 3258145, (D.S.C. Aug. 16, 2010)), involved an insurance company, NGM, which filed a declaratory judgment action in this court, seeking a determination of coverage under an insurance policy it had with Carolina's Power Wash and Painting ("Carolina's"). Carolina's had previously requested that NGM indemnify the company in an underlying lawsuit. NGM Ins. Co., 2010 WL 3258145 at *1. This court granted Carolina's summary judgment, after which Carolina's filed a motion for attorney's fees and costs that it incurred while defending the declaratory judgment action. Id. This court found that the defendants were entitled to recover attorney's fees because "[t]he instant case is a declaratory judgment action, initiated by plaintiff in this court for the sole purpose of determining whether it was required to provide insurance coverage [ ] in the underlying action." Id. at *5.

Owners argues that Hegler and NGM do not apply here because "there has been no breach of contractual duty to defend or indemnify in the present action as there is no specific claim for which Owners is seeking the declaration." Def.'s Resp., 8. The court agrees. The Hegler court's decision to grant attorney's fees to insured parties that prevail in declaratory judgment actions is based upon the idea that the insurance company, in asking for a declaration that it does not have a duty to indemnify or defend the insured in regards to a particular insurance claim, has essentially breached its contract with the insured to indemnify and defend it. This

constructive breach of contract allows for the recoupment of attorney's fees, even though no literal contract providing for attorney's fees has been breached and no statutory provision for attorney's fees exists. As this court has found, "[t]he equitable considerations and policy behind the [Hegler] court's holding rested on the insurance company's ability to avoid a contractual duty to defend at the expense of the insured by creating the need for a declaratory judgment action." Jessco, Inc. v. Builders Mut. Ins. Co., 2012 WL 1570015, at *1 (D.S.C. May 3, 2012). Every similar South Carolina case that the court found—of an insurer bringing a declaratory judgment action against the insured—involved a request that the court declare that the insurer was not obligated to indemnify its insured or provide a defense in an underlying action. See, e.g., Evanston Ins. Co. v. R & L Dev. Corp., LLC, 2014 WL 1389803 (D.S.C. Apr. 9, 2014), BP Oil Co. v. Federated Mut. Ins. Co., 496 S.E.2d 35 (S.C. Ct. App. 1998), First Fin. Ins. Co. v. Sea Island Sport Fishing Soc., Inc., 490 S.E.2d 257, 259 (S.C. 1997).

Here, there is no such request by an insurer for a declaration that it does not have a duty to indemnify an insured in an underlying action. Rather, the operative complaint in this case requested only that the court determine whether a contract was validly formed and would be binding for all future insurance claims that might arise, or whether it is void ab initio because of Warren's material misrepresentations in its application for insurance. Owners' original complaint and its first amended complaint requested that the court declare the policy to be void ab initio and to declare that Owners "has no obligation to indemnify Warren and/or Gerhard for any bodily injury that occurred on or about December 7, 2015." Compl. ¶¶ 22–23 and

9

First Am. Compl ¶¶ 22–23. However, in its second amended complaint, Owners narrowed its complaint to only request a declaration that the policy is void. Second Am. Compl. ¶¶ 16–19. Although this action began in a similar manner to Hegler and NGM, the current operative complaint does not request a declaration regarding Owners's obligations to any particular employee in any existing claim; rather it seeks solely to determine whether or not the contract is valid or not for any future claims that might arise. The complaint upon which Warren actually prevailed does not relate to any particular underlying claim, and thus Hegler and NGM do not apply. This declaratory judgment action does not constitute a breach of contract, and Warren is not entitled to attorney's fees.

**B. Is Warren a "prevailing party" for the purpose of obtaining costs?**

Warren requests both costs and attorney's fees, but devotes its entire discussion to the attorney's fees, as does Owners in its response. While Owners does not specifically oppose awarding costs to Warren in its response to the motion, it does argue that Warren is a not a prevailing party, which is a necessary element of awarding costs. Although Warren is not able to recover attorney's fees under Rule 54(d), it may still recover costs if it qualifies as a "prevailing party." "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792–93 (1989).

Owners's declaratory judgment action was dismissed without prejudice based on lack of subject matter jurisdiction, not on the merits. ECF No. 60. The court exercised its discretion under the Declaratory Judgment Act to abstain from hearing

the case because the underlying state court case involved the same legal and factual matters. Owners argues that "there has been no change in the legal relationship between the parties" because, "depending on the decision of the SCWCC, Owners may still file the same action back in federal court once the issue around Mr. Gerhard's claims are resolved." Def.'s Resp., 6–7. First, it appears that the SCWCC hearing commissioner rejected Owners's argument that the policy was void ab initio before finding that it did provide coverage for Gerhard's workers compensation claim. P. Dworjanyn Letter, March 3, 2018. If this is the case, then Owners cannot re-litigate the issue of whether the policy was void before this court. The real question, then, is whether the case's dismissal based on lack of subject matter jurisdiction fundamentally changed the legal relationship between the two parties.

The most recent Supreme Court case defining "prevailing party," CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642 (2016), involves a claim for attorney's fees and costs under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Section 2000e-5 provides that for "any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee [ ] as part of the costs . . . ." 42 U.S.C. § 2000e-5(k). The trial court had dismissed the case due to the EEOC's "failure to satisfy its pre-suit requirements," rather than on the merits, and then held CRST to be the prevailing party and awarded it $4 million in fees. CRST, 136 S. Ct. at 1649. On Appeal, the Eight Circuit held that a Title VII defendant can only be a "prevailing party" if it obtained a "ruling on the merits." Id. at 1646. The Supreme Court reversed, holding that "a favorable ruling on the merits is not a necessary predicate to

find that a defendant has prevailed." Id. In finding that "[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits," the court reasoned:

> Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. <u>The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision</u>. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

Id. at 1652 (emphasis added). The rest of the Court's analysis focuses on Congressional intent and how "it would make little sense if Congress' policy of sparing defendants from the costs of <u>frivolous</u> litigation [ ] depended on the distinction between merits-based and non-merits-based frivolity." Id. (internal quotation marks omitted). The Court found that "Congress could not have intended to bar defendants from obtaining attorney's fees in these cases on the basis that, although the litigation was resolved in their favor, they were nonetheless not prevailing parties." Id.

<u>CRST</u> defines "prevailing party" in context of federal statutes that grant costs and fees to a prevailing party. The court must decide whether to rely on this case to define "prevailing party" under Rule 54(d) for the purpose of assessing costs. The majority of case law defining "prevailing party" involves motions for costs and attorney's fees under the particular statute upon which the original claim was based, rather than under Rule 54(d). Most of the remaining cases involve a court's interpretation of the phrase "prevailing party" as it appears in a contract between two

12

parties, when those parties have specifically contracted to allow costs and attorney's fees to the prevailing party if litigation were to arise. The court has not found any South Carolina cases that define "prevailing party" in the context of a declaratory judgment action brought by an insurer against the insured. More broadly, the court has not found any cases defining what constitutes a prevailing party under Rule 54(d) when one party brings a declaratory judgment action simply to clarify the terms of a contract that it has with another party, which is the case here.

The court ultimately relies on CRST's definition of "prevailing party." Even though CRST involved a statutory grant of costs and fees, and even though much of the Court's analysis touched on Congressional intent, the Court's reasoning as quoted above applies here. Owners and Warren came to this court with different objectives. Owners sought a "material alteration in the legal relationship between" itself and Warren. Warren sought "to prevent this alteration." Warren, "of course, might [have] prefer[ed] a judgment vindicating its position regarding the substantive merits of [Owners's] allegations." However, Warren "fulfilled its primary objective" when Owners's challenge was "rebuffed, irrespective of the precise reason for the court's decision." Warren "may prevail even if the court's final judgment reject[ed] [Owners's] claim for a nonmerits reason." Thus, the court finds that Warren is a prevailing party and grants it costs under Rule 54(d).

Warren requests costs in the amount of $3,467.38 plus recovery of the amount that Warren paid Owners for its expert witness deposition, $2,571.33. Owners does not offer any argument against this requested amount in costs, and the court finds

them reasonable. Thus the court orders Owners to pay Warren for costs in the amount of $6,038.71.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** the motion for attorney's fees and orders Owners to pay Warren for costs.

**AND IT IS SO ORDERED.**

                **DAVID C. NORTON**
                **UNITED STATES DISTRICT JUDGE**

**August 16, 2018**
**Charleston, South Carolina**